# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JASON E. WALKUP,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:10-CV-00475-JCM-(VCF)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5) and respondents' answer (#9). The court finds that petitioner is not entitled to relief, and the court denies the petition.

    In state district court, petitioner agreed to plead guilty to robbery with the use of a deadly weapon, conspiracy to commit a crime, and possession of a stolen vehicle. Ex. 3.[1] The state court accepted petitioner's plea after canvassing him. Ex. 2. The state court ran the sentences for all three counts concurrently. However, by operation of the version of the deadly-weapon statute in effect at the time, Nev. Rev. Stat. § 193.165, the court sentenced petitioner to imprisonment for a minimum term of 48 months and a maximum term of 120 months for robbery plus an equal and consecutive minimum term of 48 months and a maximum term of 120 months for the use of a deadly weapon. Ex. 6. Petitioner did not file a direct appeal.

---

[1] All exhibits are in the court's docket at #10.

1  Petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 7.
2 That court conducted an evidentiary hearing. Ex. 12. It then denied the petition. Ex. 13. Petitioner
3 appealed. The Nevada Supreme Court affirmed the denial of four claims that counsel provided
4 ineffective assistance, including advice regarding the possible range of punishment that petitioner
5 could receive. Ex. 17, at 2-4. The Nevada Supreme Court did find that counsel provided ineffective
6 assistance by failing to file a notice of appeal from the judgment of conviction. Id., at 4-7. The
7 Nevada Supreme Court remanded for the district court to consider any direct-appeal claims,
8 pursuant to Lozada v. State, 871 P.2d 944 (Nev. 1994). The district court determined that
9 petitioner's direct appeal claim regarding the sufficiency of the indictment was without merit. Ex.
10 24. Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 28.

11 Petitioner then commenced this action. The court dismissed two grounds from the petition.
12 Ground 1 was a claim that the indictment was insufficient because it charged Jeffrey Byron
13 Caldwell, a co-defendant, with the crimes, and did not charge petitioner with any crimes. The court
14 dismissed ground 1 because petitioner waived any defects in the indictment with his guilty plea.[2]
15 Order, at 2 (#2) (citing Tollett v. Henderson, 411 U.S. 258 (1973)). Reasonable jurists would not
16 find this conclusion to be debatable or wrong, and the court will not issue a certificate of
17 appealability for ground 1.

18 Ground 3 was a claim that petitioner was denied his direct appeal because of counsel's
19 ineffective assistance, and that the Lozada procedure that state courts use when a person is denied a
20 direct appeal is constitutionally insufficient. The Nevada Supreme Court granted petitioner relief on
21 the first part of ground 3. This court determined that the second part of ground 3, regarding the
22 constituional sufficiency of the Lozada procedure, was without merit. The court determined that
23 petitioner could not show any prejudice from the lack of a direct appeal because the only direct-
24 appeal claim that he raised was the sufficiency of the indictment, and petitioner had waived that

---

[2]The court dismissed ground 1 based upon petitioner's allegations and exhibits that he attached to his petition (#5). Petitioner did not attach the operative indictment to his petition. That indictment actually did charge petitioner, along with his co-defendants, of committing the crimes. See Ex. 4. Not only does ground 1 lack a basis in law, it also lacks a basis in fact.

claim by pleading guilty, as noted in the court's discussion of ground 1. Order, at 2 (#2). Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 3.

Ground 2 remains. Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

Ground 2 is a claim of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Petitioner claims that counsel, Stephen Stein, gave him incorrect advice about the sentence that petitioner would receive. First, petitioner alleges that Stein told petitioner that he would receive a four-year sentence for the crimes charged. Second, petitioner alleges that Stein did not tell petitioner that the use of a deadly weapon would enhance his sentence for robbery with an equal and consecutive term of imprisonment. Third, petitioner alleges that Stein told petitioner's family members that petitioner would receive a four-year sentence. On this issue, the Nevada Supreme Court held:

> First, appellant claimed that his trial counsel was ineffective for not providing competent advice regarding the range of punishments. Appellant claimed that his trial counsel failed to adequately inform him about the deadly weapon enhancement penalty and led him to believe that he would receive concurrent terms. Appellant failed to demonstrate that he was prejudiced. The written guilty plea agreement, which appellant acknowledged reading, informed him that the penalty for the deadly weapon enhancement was an equal and consecutive term. In the written guilty plea agreement and during the guilty plea canvass, appellant indicated that he had not been made any promises not contained in the plea negotiations. During the guilty plea canvass, appellant further affirmatively acknowledged that trial counsel had reviewed the written guilty plea agreement with him. Trial counsel testified during the evidentiary hearing that he informed appellant the deadly weapon enhancement was a consecutive sentence. Therefore, we conclude that the district court did not err in denying this claim.

Ex. 17, at 2-3. The written guilty plea agreement, the transcript of the plea hearing, and the transcript of the evidentiary hearing confirm the facts as stated by the Nevada Supreme Court. See Ex. 2, at 2-3; Ex. 3, at 2; Ex. 12, at 11-12. Additionally, the written plea agreement informed petitioner that the sentence was to be determined by the court, within the limits of the governing statutes. Ex. 3, at 3. The Nevada Supreme Court reasonably applied Strickland. Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealabilty for ground 2.

     IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#5) is **DENIED**. The clerk of the court shall enter judgment accordingly.

     IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED:  September 20, 2012.

_____
JAMES C. MAHAN
United States District Judge